UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALANDO SMITH and MAURICE HARRIS-BALL, <br><br>　　　　Plaintiffs <br><br>　　v. <br><br>ALAMO CLAIM SERVICE, PETER PERRINE, THORLIN LEE, DAVID SERFASS, CIS ALAMO, LLC, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br>　　　　Defendants. | Case No.: 13-1481 |

## ORDER

This matter is before the Court on Plaintiffs Alando Smith ("Smith") and Maurice Harris-Ball's ("Harris") (collectively "Plaintiffs") Motion to Certify Class [59], Defendants' Alamo Claim Service, Peter Perrine, Thorlin Lee, David Serfass ("Alamo Defendants) and CIS Alamo, LLC ("CIS") Response [110], [112], Defendant State Farm's Response [115], and Plaintiffs' Reply [118] thereto. For the reason set forth below, the Motion to Conditionally Certify Class is GRANTED.

### FACTUAL BACKGROUND

Defendant Alamo Claim Service negotiated and entered into a contract with State Farm in which Alamo Claim Service was to provide claims adjusters to State Farm in several states including Illinois[1], Florida, Michigan, Oklahoma, and Texas. Defendant CIS took over the contract after they purchased Alamo Claim Service in 2012. The Plaintiffs and potential collective action members were claims adjusters who worked in State Farm offices located in the

---

[1] Plaintiffs are not claiming damages for work completed in Illinois as those claims were addressed in separate lawsuit. See Belton, et al. v. Alamo Claim Service, et al., 1:12 Civ. 01306-JES-BGC (C.D. Ill. 2014)

aforementioned states. The claims adjusters worked alongside of State Farm employees and were tasked with processing and settling claims.

On October 10, 2013, Plaintiffs filed a Complaint, amended on January 15, 2014, alleging State Farm and the Alamo Defendants agreed to misclassify claims adjusters as independent contractor instead of employees. Plaintiffs seek damages from the Alamo Defendants and State Farm for their failure to pay claim adjusters who worked more than forty hour per week overtime wages from October 10, 2010 to the present. Defendants moved to transfer venue or in the alternative dismiss Plaintiffs' case for improper venue, which was denied on June 10, 2014. Plaintiffs have now moved for conditional class certification.

## DISCUSSION

### I. Legal Standard

The Fair Labor Standards Act ("FLSA") allows employees to bring their FLSA claims through a "collective action" on behalf of themselves and other "similarly situated" employees. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 28 U.S.C. § 216(b). Section 216(b)'s method of requiring an individual to file a consent to join in a collective action under the FLSA has been referred to as an "opt-in" requirement. The Seventh Circuit has indicated that the "opt-in" requirement of § 216(b) preempts the class action procedure under Fed. R. Civ. P. 23. See King v. General Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992) (*citing* LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)). Thus, a § 216(b) collective action is not a Rule 23 class action. The difference between a Rule 23 class action and a § 216(b) collective action is that "in the latter the class member must opt in to be

2

bound, while in the former he must opt out not to be bound." Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982).

Section 216(b) does not set forth the procedures for collective actions; however, the courts have identified three methods. See Gayle v. U.S., 85 Fed. Cl.72 (Fed. Cl. 2008); Briggs v. U.S., 54 Fed. Cl. 205, 206 (Fed. Cl. 2002). The first approach is a two-step ad hoc approach. See, *e.g.*, Cameron-Grant v. Maxim Healthcare Servs., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The second involves application of the provisions of Rule 23 class actions. See Thiessen v. GE Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001). The last incorporates the "spurious class action" recognized before 1966 under Rule 23, due to the Advisory Committee's statement that the 1966 amendments to Rule 23 did not apply to FLSA collective actions. See Chase v. AIMCO Props., L.P., 374 F. Supp. 2d 196, 199 (D. D.C. 2005); Bayles v. American Medical Response of Colorado, Inc., 950 F. Supp. 1053, 1064 (D. Colo. 1996).

A vast majority of federal courts have held that a § 216(b) collective action need not comply with the requirements of a Rule 23 class action (commonality, typicality, numerosity and adequacy of representation), but have instead embraced the two step approach to deciding whether certification as a collective action is appropriate. See *e.g.*, LaChapelle, 513 F.2d at 288 ("there is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 216(b)"). In contrast, a minority of federal courts have held that Rule 23 class action requirements guide a § 216(b) collective action. See, *e.g.*, Shushan v. University of Colorado at Boulder, 132 F.R.D. 263, 265 (D. Colo. 1990) (a § 216(b) collective action "must satisfy all of the requirements of Rule 23, insofar as those requirements are consistent with 29 U.S.C. § 216(b)").

Within the majority using the two-tier approach are district courts within the Seventh Circuit. See Murray v. Tyson Foods, Inc., 2010 U.S. Dist. LEXIS 16556, 2010 WL 744302 (C.D. Ill. Feb. 24, 2010); Lane v. Atlas Roofing Corp., 2012 U.S. Dist. LEXIS 95914, 5-7, 2012 WL 2862462 (C.D. Ill. July 11, 2012); North v. Bd. of Trs. of Ill. State Univ., 676 F. Supp. 2d 690, 696-697 (C.D. Ill. 2009); Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1043-1045 (N.D. Ill. 2003) The Seventh Circuit has not expressly adopted the two-tier approach. See Shiner v. Select Comfort Corp., 2009 U.S. Dist. LEXIS 116209, 2009 WL 4884166 (N.D. Ill. Dec. 9, 2009). It has, however, rejected any notion that Rule 23 governs collective actions. See Harkins v. Riverboat Services, Inc., 385 F.3d 1099, 1101 (7th Cir. 2004) (collective action under § 216 is not the same as a class action under Fed. R. Civ. P. 23). Given the distinction made by the Seventh Circuit and the holdings of the district courts within our circuit, I find the majority view persuasive and therefore will use the two step approach in determining whether Plaintiffs' FLSA collective action should be satisfied.

Under the first-step, "[a] named plaintiff can show that the potential claimants are similarly situated 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Taillon v. Kohler Rental Power, Inc., 2003 U.S. Dist. LEXIS 7275, No. 02 C 8882, 2003 WL 2006593, at *1 (N.D. Ill. April 29, 2003) (*citing* Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); see also Belbis v. County of Cook, 2002 U.S. Dist. LEXIS 22426, No. 01 C 6119, 2002 WL 31600048, at *4 (N.D. Ill. Nov. 18, 2002); Garza v. Chicago Transit Auth., 2001 U.S. Dist. LEXIS 6132, No. 00 C 0438, 2001 WL 503036, at *2 (N.D. Ill. May 8, 2001).

4

During the first step, the Court uses pleadings and affidavits to determine whether to certify a class on a conditional basis. Briggs v. U.S., 54 Fed. Cl. 205, 206 (Fed. Cl. 2002); see also Hipp, 252 F.3d 1208, 1218 (11th Cir. 2001).

The second step, usually following a motion by the defense, consists of the Court determining "whether the class should be restricted based on the 'similarly situated' requirement after discovery is complete." O'Brien v. Morse, 2002 U.S. Dist. LEXIS 10495, No. 02 C 50026, 2002 WL 1290392, at *2 (N.D. Ill. June 11, 2002); Briggs, 54 Fed. Cl. at 206; Gayle, 85 Fed. Cl. at 78; Murray v. Tyson Foods, Inc., 2010 U.S. Dist. LEXIS 16556, 2010 WL 744302 (C.D. Ill. Feb. 24, 2010). If the Court makes a finding that the Plaintiffs are not similarly situated, the class is decertified and the Plaintiffs are dismissed without prejudice.

## II. Analysis

### A. Conditional Class Certification

The Alamo Defendants and Defendant State Farm raise several arguments attacking the merits of the Plaintiffs' FLSA claims. Specifically, the Alamo Defendants argue class certification is not appropriate because Harris-Ball's claims were released as part of the Belton settlement and Smith's claims are barred by the statute of limitations, therefore Plaintiff representatives do not present any viable claims and are not similarly situated. The Alamo Defendants next argument is Plaintiffs were independent contractors and therefore not subject to the FLSA. The Alamo Defendants also offer alternative arguments, namely that Plaintiffs were properly classified and paid under the Administrative Exemption to the FLSA. Defendant State Farm argues Plaintiffs failed to provide any evidence State Farm maintained some type common policy or practice that, when applied to the class a whole, rendered their actions illegal and

5

therefore Plaintiffs have not made showing that the putative collective members are similarly situated.

Plaintiffs respond that they have met the first-stage burden by alleging and supplying testimony and documentary evidence that the Alamo Defendants and State Farm misclassified all Class Members as independent contractors, prorated their pay if they did not work their entire shifts, and did not pay them overtimes wages when they worked more than 40 per week. Plaintiffs further assert that class members all performed the same job of processing insurance claims for State Farm. Plaintiffs argue that the above allegations and evidence presented are sufficient to show that all class members are similarly situated and were subject to a common illegal pay policy.

The Defendants ask the Court to consider the merits of the Plaintiffs' claims at this stage of the certification and cites to several cases to support their argument that Plaintiffs' Motion for Class Certification is fatal because the class representatives have no cause of action. Specifically, the Alamo Defendants cite to Copello v. Boehringer Inhelheim Pharm. Inc., 812 F. Supp. 2d 866 (N.D. Ill. 2011); Portis v. City of Chicago, 347 F. Supp. 2d 573 (N.D. Ill. 2004); In re Family Dollar FLSA Litig., 637 F.3d 508 (4th Cir. 2011); White v. Baptist Mem'l Health Care Corp., No. 08-2478, 2011 WL 1883959 (W.D. Tenn. May 17, 2011). Having reviewed the cases, the Court finds the current matter is distinguished from the cases cited above. In the cases cited by the Alamo Defendants, the denial of class certification occurred after a dispositive motion on the merits was filed and decided by the Court. Here, the Alamo Defendants filed a motion to dismiss for purposes of venue, but never challenged the merits of Plaintiffs' claims. The Alamo Defendants are in essence asking the Court to turn the class certification stage into a dispositive motion stage and the Court declines to do so.

Although the Seventh Circuit has not spoken on this issue, the majority of courts within this circuit have held that it is not appropriate to decide substantive issues of the law at the class certification stage as the courts do not have the full record before them at that time that decision needs to be made. See Larsen v. Clearchoice Mobility, Inc., 2011 U.S. Dis. LEXIS 80899, 2011 WL 3047481*1 (N.D. Ill. July 25, 2011); see also, Perez v. Comcast, 2011 U.S. Dist. LEXIS 136953, 2011 WL 5979769 (N.D. Ill. Nov. 29, 2011)("at this stage, the court does not resolve factual disputes or decide substantive issues going to the merits"); Brand v. Comcast Corp., No. 12 C 1122, 2012 U.S. Dist. LEXIS 137714, 2012 WL 4482124, at *7 (N.D. Ill. Sep. 26, 2012)(on a motion for conditional certification "[t]he question of whether Comcast violated the FLSA with its on-call policy at the 112th facility is a question for another day").[2]

The Court finds the majority view persuasive and accordingly finds that Plaintiffs have met the initial showing that they are similarly situated. See North v. Bd. of Trs. of Ill. State Univ., 676 F. Supp. 2d 690, 694 (C.D. Ill. 2009). Plaintiffs submitted affidavits from several claims adjusters, each stating he or she was classified as an independent contractor, paid a day rate and not paid for overtime, and docked pay when they missed work. An "affidavit, declaration, or other support beyond allegations" is typically sufficient to overcome the modest burden of showing that other similarly situated employees exist. Molina v. First Line Solutions L.L.C., 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007). Furthermore, each affidavit refers to other "claims adjusters" who were subject to the same policies. The affidavits also refer to employment agreements that Alamo and State Farm required claims adjusters to sign. In

---

[2] See also, Cosentino v. Transcend Servs., 2013 U.S. Dist. LEXIS 37538 (N.D. Ill. Mar. 19, 2013)(same); Velez v. Longhorn Steaks, Inc., 2012 U.S. Dist. LEXIS 183449 (N.D. Ill. Dec. 21, 2012) (same); Berndt v. Cleary Bldg. Corp., 2013 U.S. Dist. LEXIS 91619, 2013 WL 3287599 (W.D. Wis. Jan. 24, 2013) (same); Terry v. TMX Fin. LLC, 2014 U.S. Dist. LEXIS 68523 (N.D. Ill. May 19, 2014) (same); Kelly v. Bank of Am., 2011 U.S. Dist. LEXIS 111952, 2011 WL 4526674 (N.D. Ill. Aug. 30, 2011) (same); Jankuski v. Heath Consultants, Inc., 2012 U.S. Dist. LEXIS 172917, 2012 WL 6055596 (N.D. Ill. Dec. 5, 2012) (same)

addition, Plaintiffs attached what is purported to be a signed Independent Adjuster Agreement between Alamo and State Farm. (Docket Entry 61-7).

The Defendants are not without remedy to challenge Plaintiffs' underlying claims and whether Plaintiffs are indeed similarly situated; however, this occurs during the second stage of the collective-action process, after the opt-in period closes and discovery commences. It is then the Defendants may ask the Court to "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on collective basis." Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007); Mooney v. Aramco Servs., Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995); Mielke v. Laidlaw Transit, Inc., 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)("after defendants file a motion to decertify the court undertakes a more stringent review of whether the similarly situated requirement is satisfied"); Frank v. Gold'n Plump Poultry, Inc., 2005 U.S. Dist. LEXIS 20441, n.3 (D. Minn. Sept. 14, 2005) (the Court "does not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties" at this initial stage); Drew v. Shoe Show, Inc., No. 10-CV-656, 2011 U.S. Dist. LEXIS 106503, 2011 WL 4387096, at *3 (S.D. Ill Sept. 19, 2011)("If the court finds that there is not sufficient similarity, the court may decertify the class and dismiss the opt-in plaintiffs from the lawsuit without prejudice"). Accordingly, based on the allegations and evidence[3] submitted by Plaintiffs, the Court grants conditional certification of Plaintiffs' proposed collective action.

**B. Statute of Limitations**

In addition to requesting conditional class certification, Plaintiffs argue Defendants conduct was willful and therefore the statute of limitations should extend from thee years prior to

---

[3] See Docket Entries 62-68.

filing of the Complaint rather than the application of the general two year statute of limitations. The Defendants argue Plaintiffs have produced no evidence of willfulness on their part.

The FLSA permits a two year statute of limitations for unpaid wages or overtime, except in circumstances where the Court finds that the cause of action arises out of a willful violation; in such cases, the statute of limitations will be three years after the cause of action accrued. See U.S.C. § 255(a). Although, the Seventh Circuit has not spoken on the issue, several courts, including courts within this district, have held that "willfulness goes to the merits of the case and not whether notice should be issued to potential claimants." Resendiz-Ramirez v. P & H Forestry, 515 F.Supp.2d 937, 942 (W.D.Ark.2007). See also Sylvester v. Wintrust Fin. Corp., No. 12-01899, 2013 U.S. Dist. LEXIS 140381, 2013 WL 5433593, at *5 (N.D.Ill. Sept.30, 2013) (even a "conclusory willfulness allegation is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period"); Regan v. City of Charleston, No.13-3046-PMD, 2014 U.S. Dist. LEXIS 96317, 2014 WL 3530135, at *4 (D.S.C. July 16, 2014); Ott v. Publix Super Mkts., No. 12-0486, 2013 U.S. Dist. LEXIS 63581, 2013 WL 1874258, at *3 (M.D.Tenn. May 3, 2013); White v. 14501 Mancheser, Inc., 2012 U.S. Dist. LEXIS 170052, 2012 WL 5994263, at *7 (E.D. Mo. Nov. 30, 2012) ("conditionally certifying three year-class on grounds of judicial economy").

The Court finds this view persuasive and for the purposes of the initial stages of conditional class certification will extend the statute of limitation to three years. The facts concerning willfulness will be elicited during discovery, and Defendants may challenge the three-year statute of limitations again at the appropriate time. Thus, notice will go to all individuals employed by Defendants since October 2010. If it is later determined that Defendants' violations were not willful, then the claims of similarly situated workers falling

9

outside the two-year statute of limitations will be time-barred. Accordingly, the notice shall explain clearly that claims of employees who have not worked for Defendants within the past two years may be time-barred and, if so, no recovery will be available. See Resendiz-Ramirez v. P & H Forestry, LLC, 515 F. Supp. 2d 937, 942 (W.D. Ark. 2007).

### C. Equitable Tolling

Plaintiffs' also request the Court to equitably toll the statute of limitations from January 10, 2014 until notice is issued. The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). Equitable tolling is "granted sparingly" and only when "[e]xtraordinary circumstances far beyond the litigant's control have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); see also Roberts v. Apple Sauce, Inc., 945 F. Supp. 2d 995, 1006 (N.D. Ind. 2013); Bergman v. Kindred Healthcare, Inc., No. 10 C 191, 2013 WL 2632596, *7 (N.D. Ill. June 11, 2013). Plaintiffs argue they have met the equitable tolling standard because the Alamo Defendants and State Farm have not provided Plaintiffs with the names and contact information for potential collective action members, which prevented potential members from opting in.

The Defendants make two arguments in opposition to Plaintiffs' request for equitable tolling. Defendants argue that potential opt-in members have not been prevented from pursuing their claims by extraordinary circumstances, but rather have simply not diligently pursued their claims. Additionally, Defendants argues that this Court does not have jurisdiction to issue an order tolling the statute for absent collective action members. Defendants' position in support of this latter argument is that because the absent collective action members are not before the Court,

such an order would be an impermissible advisory opinion. The Defendants cite to United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986), in which the Federal Circuit vacated an order purporting to toll the statute of limitations for absent collective members who had yet to receive notice as prematurely issued. See also Piekarski v. Amedisys Ill., LLC, No, 12-CV-7346, 2013 WL 2357536 at *3 (N.D. Ill. May 28, 2013); Hawkins v. Alorica, Inc., No. 2:11-cv-00283-JMS-WGH, 2012 WL 5364434, at *4 (S.D. Ind. Oct. 30, 2012). The Seventh Circuit has yet to speak on the justiciability of equitably tolling the statute of limitation for future claimants not before the Court; however, that issue need not be decided today as the Court finds that Plaintiffs fail to show "extraordinary circumstances" existed.

The FLSA does not require Defendants to provide contact information for potential plaintiffs until after class certification occurs. 29 U.S.C. § 216(b). Accordingly, the Court will not penalize the Defendants for failure to do so. See Curless v. Great Am. Real Food Fast, Inc., 280 F.R.D. 429, 435 (S.D. Ill. 2012); Putnam v. Galaxy 1 Marketing, 276 F.R.D. 264, 276 (S.D. Iowa Aug. 23, 2011). In addition, the Plaintiffs have the individual burden of the proving that they diligently sought to preserve their claims. See Sylvester v. Wintrust Fin. Corp., 2014 U.S. Dist. LEXIS 135907 (N.D. Ill. Sept. 26, 2014)("nothing in FLSA suggests that once one plaintiff has asserted a claim against an employer, all other potential plaintiffs are relieved of their respective obligations to exercise their own diligence with respect to the investigation and/or assertion of their own claims against that employer").

Here, Plaintiffs have filed a number of consents prior to notice being issued, which undercuts their claim that potential collective action members have been prevented from learning about this case. In addition, Plaintiffs' counsel has used the internet to notify potential class members and arguably with some due diligence, those members could have discovered they may

have a potential claim. What the Court finds most persuasive is that this lawsuit was commenced two months prior to the final approval of the Belton settlement. Plaintiffs acknowledge this case raises identical facts as Belton, with the only exception being this is case covers work done outside of Illinois, while Belton covered work done in Illinois. Nearly half the proposed filers in this case participated in the Belton case. Given that many of the proposed class members swore in their affidavits that they socialized with other claims adjusters that were improperly classified as independent contractors and not paid overtime wages, it follows that potential class members who acted with reasonable diligence could have easily learned that they might have a claim for relief from other opt-ins. The evidence further suggests that Plaintiffs' counsel could have easily identified potential class members by simply speaking with the class members who participated in the Belton case and to those who have filed consents in the current case. Accordingly, the Court declines to issue a blanket tolling order. However, this denial is without prejudice. Individual collective action members may ask the Court to equitably toll their individual statute of limitations based on his or her own specific circumstances; however, they are reminded that they must show they diligently pursued their rights and that some extraordinary circumstance stood in the way and prevented timely filing.

### D. Limitations to Notice

The Defendants raise several objections to the Proposed Notice filed by Plaintiffs. Specifically Defendants argue they should not be required to supply Plaintiffs with e-mail addresses, telephone numbers, dates of birth, and partial social security numbers of potential class members. As it is well-settled that first class mail is a sufficient method of providing notice to potential class members, the Court is persuaded by Defendants argument that providing the above information will raise privacy concerns. See Blakes v. Illinois Bell Telephone Co., No.

11cv336, 2011 WL 2446598, *9 (N.D. Ill. June 15, 2011); Alexander v. Caraustar Indus., Inc., No. 11C1007, 2011 WL 2550830, *3 (N.D. Ill. June 27, 2011); Vennet v. Am. Intercontinental Univ. Online, No. 05 C 4889, 2006 WL 908030, *2 (N.D. Ill. Apr. 5, 2006). Accordingly, the Court finds that the Defendants do need to produce e-mail addresses, telephone numbers, dates of birth, and partial security numbers of potential class members.

The Defendants have also raised objections to Plaintiffs sending out notices and reminders to potential collective action members by email. As the Court will not require Defendants to produce email addresses, this issue is moot.

Lastly, Defendants wishes to add the following language to the Notice: "While suit is proceeding, you may be required to provide information, have your deposition taken, and testify in court." Plaintiffs raised no objection to this; therefore, the Court will modify the Notice accordingly.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Conditionally Certify Class [59] is GRANTED. Defendants are ordered to provide Plaintiffs' counsel with the names and last known mailing addresses of all class members in a manipulable format within seven (7) days of this Order. Plaintiffs are authorized to send the attached Notice to class members within fourteen (14) days of this Order. This matter is now referred to the Magistrate Judge for further proceedings.

Entered this 31st day of March, 2015

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge